NO. 07-04-0580-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 5, 2006


______________________________



GEARY BRIAN BROGDEN, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,270-A; HON. HAL MINER, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Geary Brian Brogden, appellant, appeals from an order denying his motion for new
trial. He so moved after the trial court adjudicated his guilt for the offense of aggravated
assault with a deadly weapon. That adjudication originally had been deferred per a plea
bargain. Thereafter, the State moved to adjudicate guilt once appellant violated the terms
of his community supervision. His sole issue implicates the effectiveness of his trial
counsel at the adjudication hearing and the voluntariness of his plea of true to the
allegations in the State's motion to adjudicate. Because trial counsel was purportedly
ineffective, his plea was involuntary. We overrule the issue and affirm the judgment. 

 According to appellant, his trial counsel should have contacted appellant's wife (who
was the victim of the assault) to determine her views regarding his punishment. Allegedly,
she would have informed counsel that she favored he receive probation. 

 To the extent that appellant attempts to invoke the failure to contact a potential
witness as grounds for attacking the trial court's decision to adjudicate him guilty, we have
no jurisdiction over that matter. This is true even if the claim implicates trial counsel's
supposed ineffectiveness. Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005)
(involving a claim of ineffective assistance). 

 To the extent that appellant contends the witness' testimony would have affected
his ability to receive probation, all litigants (including appellant) concede that appellant was
not eligible for probation. So too did the trial court acknowledge, at the hearing on
appellant's motion for new trial, that it could not grant probation once appellant was
adjudicated guilty of aggravated assault with a deadly weapon. There appearing of record
evidence upon which the trial court could have reasonably determined that appellant was
not prejudiced by the supposed ineffectiveness, we cannot say that the court abused its
discretion in denying appellant's motion for new trial. Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002) (requiring the complainant to prove both deficient conduct and
prejudice resulting from that conduct).

 Accordingly, we overrule the issue and affirm the trial court's judgment.


 Brian Quinn

 Chief Justice

 


Do not publish.



_">2. Because we deny the petition for writ of mandamus, Newby's motions to recuse the Hon. John T.
Boyd, sitting by assignment in this court, and for leave to proceed in forma pauperis are denied as moot.